STUART, Justice
(concurring specially).
I recognize that whether the Madison County Board of Education (“the Board”) is an “arm of the State” and is thus entitled to immunity under the Eleventh Amendment to the United States Constitution for a 42 U.S.C. § 1983 claim is a question of federal law. I further recognize that under current federal law a board of education is not entitled to Eleventh Amendment immunity; that the Board is not entitled to Eleventh Amendment immunity; and that, consequently, the Board has not established a clear legal right to a summary judgment on this ground. I also recognize that this Court does not review a denial of a summary judgment by a petition for a writ of mandamus unless an exception applies. See Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002) (“[Bjecause an ‘adequate remedy’ exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.”). I write specially to state that my review of the materials submitted to this Court indicates that the Board is entitled to a summary judgment on the merits. The Board presented substantial evidence indicating that there was not a genuine issue of material fact with regard to A.S.’s § 1983 claim. A.S. did not establish otherwise. Therefore, if I had been the trial judge, I would have granted the Board’s summary-judgment motion.